**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| **ALEXANDER TSEPKOV,**<br><br>**Plaintiff,**<br><br>**-v-**<br><br>**PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendants.** | **Civil Case Number:**<br><br>**<u>CIVIL ACTION</u>**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## <u>INTRODUCTION</u>

1. Plaintiff, ALEXANDER TSEPKOV, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. ("Paramount") has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that Experian Information Solutions, Inc. (Experian), TransUnion, LLC (TransUnion) and Equifax Information Services, LLC (Equifax) have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges that TransUnion, Equifax and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

-1-

4.   Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5.   The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Massachusetts, and violated Plaintiff's rights under the FCRA in the state of Massachusetts as alleged more fully below.

6.   Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7.   Plaintiff, Alexander Tsepkov ("Plaintiff"), is a resident of Chelsea, Massachusetts and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.   Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9.   Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10.  Defendant Equifax Information Services, LLC is similarly one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and

disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11.   Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

12.   Defendant Trans Union is also one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13.   Trans Union is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

14.   Defendant Paramount Residential Mortgage Group, Inc. ("Paramount") is a mortgage lender, with its principal place of business located at 1265 Corona Pointe Ct Suite 301, Corona, CA 92879.

## FACTUAL ALLEGATIONS

15.   Plaintiff obtained a loan from Paramount in April of 2021, with his first payment due in June of 2021.

16.   Plaintiff manually made his June, July and August payments on time each month.

17.   In May of 2022, Plaintiff set up autopay on this account, and received a confirmation that

autopay was properly set up on the account.

18. In November of 2021, Plaintiff received a letter from Paramount stating that his payments hadn't been made, even though he had received confirmation that he had set up autopay on the account.

19. Plaintiff immediately called Paramount and explained that autopay had been set up on this account.

20. The Paramount representative acknowledged the error as an issue with Paramount's system, refunded the late fees and assured the Plaintiff that there would be no negative credit reporting as a result of this issue.

21. The Plaintiff then discovered that Paramount was reporting that he had been 30 days late in October 2021 and 60 days late in November 2021, even though he had properly set up autopayment on this account, as confirmed by Paramount.

22. This information is thus incorrect and misleading, and therefore inaccurate.

23. Plaintiff then disputed these late payments with TransUnion, Equifax and Experian on or about May 10, 2022, all to no avail.

24. In each of those disputes, Plaintiff specifically advised the Defendants about what had happened here.

25. Within 30 days of receipt of the Plaintiff's disputes, the Defendants were required to investigate the disputed information and provide the Plaintiff with the results of their investigation.

26. Defendant Experian then received the Plaintiff's dispute letter on May 13, 2022.

27. However, Experian also failed to do an adequate investigation of the Plaintiff's dispute, instead claiming to have 'verified' that the Plaintiff had been late on this account.

28. Instead, Experian continues to report the Plaintiff as having failed to timely make several of the monthly payments supposedly owed to Paramount.

29. Defendant Transunion received the Plaintiff's dispute letter on May 14, 2022.

30. However, Transunion also failed to do an adequate investigation of the Plaintiff's dispute, instead similarly claiming to have 'verified' that the Plaintiff had been late on this account.

31. Instead, Transunion continues to report the Plaintiff as having failed to make failed to make several of the monthly payments supposedly owed to Paramount.

32. Defendant Equifax then received the Plaintiff's dispute letter on May 16, 2022.

33. However, Equifax also failed to do an adequate investigation of the Plaintiff's dispute, instead claiming to have 'verified' that the Plaintiff had been late on this account.

34. Instead, Equifax also continues to report the Plaintiff as having failed to make several of the monthly payments supposedly owed to Paramount.

35. Upon information and belief, Transunion, Equifax and Experian each relayed the Plaintiff's dispute to Paramount, but Paramount refused to investigate, correct or delete this inaccurate information.

36. At all times pertinent hereto, Transunion's Experian's and Equifax's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

37. At all times pertinent hereto, Paramount's conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

38. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed

in his daily life.  For example, the Plaintiff's credit scores dropped severely because of this inaccurate reporting, and the Plaintiff has been unable to get credit on favorable terms as a result of the Defendants' inaccurate reporting, causing the Plaintiff to sustain monetary damages.  Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15  U.S.C. § 1681i**
**AGAINST EXPERIAN**

39. All preceding paragraphs are realleged.

40. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

41. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

42. In May of 2022, the Plaintiff initiated a dispute with Experian requesting that they correct these specific items in his credit file that was patently inaccurate and damaging to him.

43. Experian received the Plaintiff's dispute letters, as evidenced by the certified mail tracking number in the Plaintiff's possession.

44. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

45. Instead, Experian, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

46. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

47. All preceding paragraphs are realleged.

48. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

49. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Paramount information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's disputes would have corroborated Plaintiff's disputes.

50. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff have been harmed, as explained above.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EQUIFAX

51. All preceding paragraphs are realleged.

52. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

53. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

54. In May of 2022, the Plaintiff initiated a dispute with Equifax requesting that they correct these specific items in his credit file that were patently inaccurate and damaging to him.

55. Equifax received this dispute, as evidenced by the certified mail tracking number in the Plaintiff's possession.

56. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

57. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff have been harmed, as explained above.

**COUNT IV**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EQUIFAX**

58. All preceding paragraphs are realleged.

59. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

60. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Paramount information being reported on the Plaintiff's credit report, especially where a basic

investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

61. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

<u>**COUNT V**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

62. All preceding paragraphs are realleged.

63. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

64. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

65. In May of 2022, the Plaintiff initiated a dispute with Transunion requesting that they correct these specific items in his credit file that were patently inaccurate and damaging to him.

66. Transunion received this dispute, as evidenced by the certified mail tracking number in the Plaintiff's possession.

67. Transunion, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

68. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT VI
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST TRANSUNION**

69. All preceding paragraphs are realleged.

70. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

71. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Paramount information being reported on the Plaintiff's credit reports, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

72. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT VII
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 USC § 1681s-2(b)**
**AGAINST PARAMOUNT**

73. All preceding paragraphs are re-alleged.

74. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

75. In May of 2022, the Plaintiff initiated multiple disputes with the credit bureaus disputing the accuracy of the account being reported by Paramount.

76. Upon information and belief, Paramount received notice of these disputes from the credit bureaus.

-10-

77. Paramount was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's disputes.

78. Paramount failed to reasonably investigate Plaintiff's disputes. Indeed, Paramount was already plainly aware that the Plaintiff was erroneously reported to the credit bureaus as late in October and November, as evidenced by its confirmation that autopay had been properly set up on this account in August, and the Paramount representative's acknowledgement to the Plaintiff that the error was an issue with Paramount's system.

79. Even after the Plaintiff properly disputed this account with each of the credit reporting agencies, Paramount refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff were delinquent on this account.

80. Indeed, Paramount's on-going failures to correct Plaintiff's account information – when a basic review of its own records would have reflected that the Plaintiff have never been late in making his payments on this account - is evidence that its investigation into Plaintiff's dispute was deficient.

81. Paramount's conduct violated section 1681s-2(b) of the FCRA.

82. As a result of Paramount's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

83. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

   A.  Awarding Plaintiff actual damages;

   B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest;

F.  A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more

    fully above;

G.  Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful

    conduct alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.


Dated: September 6, 2022

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO:  680950
Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
***Pro Hac Vice To Be Filed***
